[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10511

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRADLEY DUANE LONG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:22-cr-10008-KMM-1

_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and LAGOA, Circuit Judges.

PER CURIAM:

Bradley Long appeals his convictions and sentence of 210 months of imprisonment for distributing and possessing child pornography. 18 U.S.C. §§ 2252(a)(2), (a)(4)(B). He challenges the denial of his motion to suppress and the substantive reasonableness of his sentence. We affirm.

On February 1, 2022, Agent Millard Quad with the Florida Department of Law Enforcement was assigned to investigate a CyberTip received on January 13, 2022, from the National Center for Missing and Exploited Children. The tip stated that 16 images and a video containing child pornography had been uploaded to the internet through Kik, a messenger application, between December 11 and 12, 2021. The tip provided the e-mail address and the internet protocol address through which the uploads were made. Agent Quad determined that the e-mail address and internet protocol address were active and belonged to Long. Agent Quad conducted surveillance of the residence and observed a motorcycle registered to Long parked in one of the assigned spaces.

On February 28, 2022, Agent Quad applied for a warrant to search the residence for evidence of child pornography. He explained that, in his experience, possessors of child pornography often maintained electronically-stored collections of these materials for many years. On March 3, 2022, officers executed the search

warrant. Long's roommate identified several electronic devices that belonged to Long, including an iPad on which agents found Long's Kik account and over 1,000 images of child pornography.

After a federal grand jury indicted Long for distributing and possessing child pornography, *id.* §§ 2252(a)(2), (a)(4)(B), he moved to suppress the evidence seized from his residence. He argued that the information supplying probable cause was stale because it was based on an isolated occurrence two and a half months earlier and there was no evidence of ongoing criminal activity.

After holding a hearing on the motion, the magistrate judge issued a report and recommendation that Long's motion to suppress be denied. The magistrate judge determined that the information in the search warrant affidavit was not too stale to support probable cause because two and a half months was "not unduly long" and because forensic examiners would be able to recover any hidden, erased, or encrypted files on Long's devices. The magistrate judge noted that it was "common sense . . . that people who obtain and/or share photographs online, whether related to child pornography or not, are likely to retain those photographs for future viewing." And the magistrate judge determined that none of the factors precluding reliance on the good-faith exception applied. *See United States v. Leon*, 468 U.S. 897, 921–23 (1984). Long objected to the report and recommendation. He argued that warrant was based on stale information and that the agents did not act in good faith by relying on the search warrant.

The district court denied Long's motion to suppress and adopted the report and recommendation. The district court found no clear error in the magistrate judge's findings and overruled Long's objections as "nothing more than a rehashing of the same arguments" raised in his motion to suppress, which the magistrate judge had addressed.

At a bench trial, Long stipulated that the seized iPad belonged to him and contained over 1,000 images of child pornography. He also stipulated that, in 2020, a Kik user messaged him stating, "trades" with a winking emoji, to which Long responded with three images containing child pornography. In response, the Kik user sent Long three images of child pornography. The district court found Long guilty of both counts.

Long's presentence investigation report provided a combined total offense level of 38, a criminal history category of I, and an advisory guideline range of 235 to 293 months of imprisonment. In addition to his base offense level of 22, United States Sentencing Guidelines Manual § 2G2.2(a)(2) (Nov. 2021), the report applied a two-level increase because the materials involved prepubescent minors, *id.* § 2G2.2(b)(2); a five-level increase because he distributed child pornography for valuable consideration, which was access to other child pornography, *id.* § 2G2.2(b)(3)(B); a four-level increase because the material was sadistic and portrayed sexual abuse or exploitation of infants and toddlers, *id.* § 2G2.2(b)(4)(B); a two-level increase because the offense involved a computer, *id.* § 2G2.2(b)(6); and a five-level increase because the offense involved

more than 600 images of child pornography, *id.* § 2G2.2(b)(7)(D). The report applied a two-level reduction for accepting responsibility because he proceeded to a bench trial to assert and preserve issues not relating to his factual guilt, *id.* § 3E1.1(a).

Long lodged several objections and requested a downward variance to a sentence of 60 months of imprisonment due to the physical, verbal, and sexual abuse he experienced as a child and his psychological assessment stating he had a relatively low risk of sexually recidivating. He also argued that he was entitled to a third-level reduction for accepting responsibility, *id.* § 3E1.1(b).

At sentencing, the district court sustained only Long's acceptance-of-responsibility objection, *id.*, which reduced his total offense level to 37 and his advisory guideline range to 210 to 262 months of imprisonment. Regarding the statutory sentencing factors, 18 U.S.C. § 3553(a), Long argued that his advisory guideline range was "horrific" for a first offender and military veteran. He argued that, despite his abusive childhood, he had maintained consistent employment and healthy relationships, and his family was supportive of him. Long allocuted and apologized for his conduct.

The government responded that Long's own abuse was no excuse for harming others by possessing over 1,000 images of child pornography, many of which depicted infants and toddlers and sadistic material, and by distributing child pornography to others. The government added that, although Long's daughter denied sexual abuse, he began supplying her with alcohol and drugs starting at five years old and had bragged about incest in Kik messages.

After considering the statutory sentencing factors, *id.*, the district court found that a downward variance was unwarranted and sentenced Long to 210 months of imprisonment. The district court explained that it had considered Long's history and characteristics, the instant offense conduct, and the need to promote respect for the law and deterrence.

Two standards of review govern this appeal. In reviewing the denial of a motion to suppress, we review findings of fact for clear error and the application of law to those facts *de novo*. *United States v. Barsoum*, 763 F.3d 1321, 1328 (11th Cir. 2014). We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). We will disturb "the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

Long argues that the district court erred in denying his motion to suppress because any probable cause supporting the warrant had dissipated in the two and a half months between the upload and the issuance of the warrant. The "staleness doctrine . . . requires that the information supporting the government's application for a warrant must show that probable cause exists at the time the warrant issues." *United States v. Bervaldi*, 226 F.3d 1256, 1264 (11th Cir. 2000). To determine whether the supporting information

is stale, we do not apply arbitrary time limits. *United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994). Instead, we consider the particular facts of the case, the nature of the suspected crime, the character of the items sought, the habits of the accused, and the nature and function of the area to be searched. *Id.*

The district court correctly ruled that the information supporting probable cause was not stale. We have rejected staleness challenges in similar appeals because "pedophiles rarely, if ever, dispose of child pornography." *United States v. Touset*, 890 F.3d 1227, 1238 (11th Cir. 2018) (quoting *United States v. Zimmerman*, 277 F.3d 426, 434 (3d Cir. 2002)). Indeed, "probable cause of involvement in *electronic* child pornography remains even longer because deleted files can remain on electronic devices." *Id.* (rejecting a staleness argument where the defendant's electronic devices were searched over a year and a half after he made suspicious online payments suggesting his involvement in child pornography). And, in any event, Long raises no argument about the good-faith exception, which provides an independent basis for affirming. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

The district court also did not abuse its discretion in sentencing Long to a term of imprisonment at the low end of the advisory guidelines range. Long argues that his sentence is greater than necessary. But the district court weighed the statutory sentencing factors, 18 U.S.C. § 3553(a), and determined that, despite Long's abusive childhood and lack of criminal history, a lower sentence would

not provide sufficient punishment and deterrence or adequately reflect the serious nature of his offense conduct. The "decision about how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation marks omitted). Long's sentence is reasonable.

We **AFFIRM** Long's convictions and sentence.